## LEDBETTER et al. v. FARMER.
### No. 14003.

Court of Civil Appeals of Texas. Dallas.
March 4, 1949.

Justice, Moore & Justice, of Athens, for appellants.

Sam Holland, of Athens, for appellee.

CRAMER. Justice.

Appellee was the highest bidder for 92 head of hogs at appellants' auction barn. He alleged that the hogs afterward developed cholera; that 42 head died, to his damage in the sum of $600; that he expended $55 for vaccine to treat the hogs. He also alleged that appellants failed to deliver a portion of the hogs purchased, and substituted other hogs for them, to his damage in the sum of $152.55; and that his ranch was contaminated by hog cholera germs to his further damage in the sum of $2,000. Appellants answered by general denial, specially denied that they substituted any hogs for those auctioned off to appellee; that they acted as auctioneers and commission agents only and did not warrant or guarantee the hogs against sickness or death.

The jury found that appellants had not substituted the eight hogs, as alleged; that cholera developed among such eight hogs from exposure thereto prior to the time they were delivered to appellee; the value of said eight hogs was $189; and that plaintiff's hog pasture had not been infected with hog cholera germs as a direct result of cholera originating among said eight hogs. The trial court entered judgment for $244, being the $189 found to be the value of the eight hogs purchased plus $55 for vaccine, from which judgment appellants present this appeal.

Appellants' three points of error assert that the judgment is not supported by either evidence or a finding by the jury on either an express or implied warranty. We must sustain this contention. The pleadings of plaintiff allege: "That the defendants are engaged in the sale of live stock upon a commission basis, and the sale of said hogs to this plaintiff carried with it an implied warranty upon the part of the defendants that said hogs were sound and free of disease, and this plaintiff so believed at the time he purchased the same."

The question as to whether there was an implied warranty in the sale of the hogs has been held against appellee in Needham v. Dial, 4 Tex.Civ.App. 141, 23 S.W. 240; Fulwiler Electric Co. v. Jinks McGee & Co., Tex.Civ.App., 211 S.W. 480, 481. 2 Tex.Jur. 854, under the Title "Animals," quoting Wood v. Ross, Tex.Civ. App., 26 S.W. 148, correctly states the law, as follows: "Generally speaking, the doctrine of caveat emptor applies to the sale of animals, and there is no implied warranty of soundness or breeding qualities." A different rule applies to title, but title is not involved here. Neither is there any issue of fraud involved. See also 24 R.C.L., p. 202, sec. 474 and p. 176, sec. 450; Barton v. Dowis et al., 315 Mo. 226, 285 S.W. 988, 51 A.L.R. 494.

If there is no liability upon the original seller, there is none upon the auctioneer unless he makes an express warranty, which is not present here.

The judgment below is therefore reversed and here rendered for appellants.